IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00334-BNB

DOUGLAS BRUCE,

      Applicant,

v.

OFFICE OF ATTORNEY REGULATION COUNSEL, and
COLORADO SUPREME COURT,

      Respondents.

---

ORDER OF DISMISSAL

---

      Applicant, Douglas Bruce, has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1).  The Court must construe the application liberally because Mr. Bruce is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the action will be dismissed for lack of jurisdiction.

      Mr. Bruce is challenging an order entered by the Colorado Supreme Court on January 17, 2013.  A copy of the order is attached to the application.  (*See* ECF No. 1 at 6.)  Pursuant to the state supreme court's order, Mr. Bruce was enjoined from engaging in the unauthorized practice of law, assessed costs in the amount of $2,717.06, and fined $1,000.00.  (*See id.*)  Although the specific claims for relief Mr. Bruce is asserting are not clear, it is clear that he believes his rights under the United States Constitution

have been violated.  As relief he asks that the Colorado Supreme Court order be vacated.

The Court has jurisdiction to entertain an application for habeas corpus relief pursuant to 28 U.S.C. § 2241 only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody."  *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted).  It is Mr. Bruce's burden to establish that the custody requirement is satisfied.  *See United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (stating that defendant filing motion under 28 U.S.C. § 2255 bears the burden of demonstrating jurisdiction by affirmatively alleging facts that demonstrate custody).

"The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."  *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).  Furthermore, a person seeking habeas corpus relief must be in custody at the time the habeas corpus application is filed.  *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  Although one need not be incarcerated to satisfy the custody requirement, the custody requirement is not satisfied unless the applicant is subject to "restraints not shared by the public generally that significantly confine and restrain freedom."  *Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009).  Thus, "payment of restitution or a fine, absent more, is not the sort of significant restraint on liberty contemplated in the custody requirement of the federal habeas statutes."  *Erlandson v. Northglenn Mun. Court*, 528 F.3d 785, 788 (10th Cir.

2

2008) (quotation marks omitted).

Mr. Bruce argues that he is in custody because, in addition to being fined and ordered to pay court costs, the order enjoining him from engaging in the unauthorized practice of law is "a life sentence of behavior control under government supervision by the state supreme court."  (ECF No. 1 at 7.)  He contends in support of this argument that he may be "cited for contempt and jailed without proof beyond a reasonable doubt and without a jury trial, not only for not paying this punitive and excessive fine and inflated court costs . . ., but for dozens of unspecified acts that can be misconstrued subjectively and retroactively to be the 'practice of law.'"  (*Id.*)  Mr. Bruce also argues that he should be considered to be in custody because he obtained habeas corpus relief in the District of Colorado in a case in the 1990s in which he challenged a Denver County Court case that resulted in a fine and probation even though he was not physically in custody.

The Court is not persuaded that the state court order in question imposes on Mr. Bruce the sort of severe restraint on individual liberty that would satisfy the "in custody" requirement of § 2241(c)(3).  The fact that Mr. Bruce could be cited for contempt and jailed for violating the order is not sufficient to demonstrate he is in custody.  *See Klen v. City of Loveland*, 661 F.3d 498, 515 (10th Cir. 2011) (guilty plea resulting in fine, court costs, and a deferred judgment and sentence that required defendant to keep the court advised of his current addresses and telephone numbers and to commit no further municipal code violations, a breach of which could result in a sentence to incarceration, did not "appear to qualify as a significant restraint on [defendant's] liberty sufficient to permit him to invoke a habeas remedy.").  With respect to Mr. Bruce's prior habeas

3

corpus action, the fact that he was placed on probation in the Denver County Court case distinguishes that case from his present circumstances.  *See Olson v. Hart*, 965 F.2d 940, 942-43 (10th Cir. 1992) (stating that "probationary status is sufficiently 'in custody' pursuant to section 2254 to permit habeas relief.").

For these reasons, the Court finds that Mr. Bruce is not in custody and the application will be denied for lack of jurisdiction.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Bruce files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed without prejudice for lack of jurisdiction.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __12th__ day of ___February___, 2013.


BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court